79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin MILNES, Plaintiff-Appellant,
v.
FLETCHER PACIFIC CONSTRUCTION CO., LTD., Defendant-Appellee.
 No. 95-15205.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Milnes appeals pro se the district court's summary judgment for Fletcher Pacific Construction Co., Ltd. ("Fletcher") in his Title VII (42 U.S.C. § 2000e) action alleging that Fletcher improperly discharged him on account of his race (caucasian) and refused to rehire him in retaliation for his filing a discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). We review de novo the district court's grant of summary judgment. Sengupta v. Morrison-Knudsen Co., Inc., 804 F.2d 1072, 1074 (9th Cir.1986). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Milnes makes several contentions on appeal: (1) the district court erred by granting summary judgment on his discrimination claim; (2) the district court erred by granting summary judgment on his retaliation claim; (3) the district court abused its discretion by failing to appoint counsel; (4) the district court failed to grant Milnes's request for a jury trial; and (5) the district court erred by failing to grant him a third extension to conduct discovery.
 
 1. Racial Discrimination Claim
 
 4
 Under Title VII, to establish a prima facie case of discriminatory discharge based on racial discrimination a plaintiff must show (i) he was within a protected class under Title VII; (ii) he was doing his job well enough to rule out the possibility that he was fired for inadequate job performance; and (iii) his employer sought a replacement with similar qualifications, thus demonstrating a continued need for the same services and skills. Sengupta, 804 F.2d at 1075.
 
 
 5
 Here, Milnes failed to make out a prima facie case of race discrimination. Milnes failed to contradict evidence submitted by Fletcher documenting his inadequate job performance. Further, the position from which Milnes was terminated was filled by a caucasian woman. Because Milnes could not show either that he was doing his job well or that the position was given to someone outside his protected class, Milnes failed to make a prima facie case of racial discrimination. See id.
 
 
 6
 Furthermore, Milnes also failed to establish a prima facie case of discriminatory intent based on direct evidence. Although Milnes alleged that he was the subject of racial slurs, he failed to provide the district court with adequate evidence to support such an allegation and he admitted in his deposition that he did not personally hear the alleged slurs spoken by any Fletcher employees. Because Milnes did not present direct evidence that Fletcher intentionally discriminated against him on the basis of his race, he also failed to make out a prima facie case of discrimination based on direct evidence of discrimination. See Wallis v. Simplot, 26 F.3d 885, 889 (9th Cir.1994).
 
 2. Retaliation Claim
 
 7
 To establish a prima facie case of discriminatory retaliation, a plaintiff must demonstrate that (1) he engaged in an activity protected under Title VII; (2) his employer subjected him to an adverse employment action; and (3) there was a causal link between the protected activity and the employer's action. See id. at 891.
 
 
 8
 Here, Milnes failed to show that a causal link existed between the filing of his EEOC complaint and Fletcher's refusal to employ him. George Edwards, the Fletcher employee who initially requested a gradesetter and then informed Milnes that there was no job for him, submitted an affidavit stating that he did not have any knowledge that Milnes filed an EEOC complaint. Milnes failed to submit evidence contradicting Edwards's allegations. Accordingly, the district court did not err by holding that Milnes failed to establish a prima facie case of retaliation. See id.
 
 3. Appointment of Counsel
 
 9
 Given Milnes's inability to make out a prima facie case of discrimination or retaliation, the district court did not abuse its discretion by denying Milnes's motion for appointment of counsel. Cf. Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318-19 (9th Cir.1981) (stating plaintiff not entitled to appointed counsel when claims have no merit).
 
 4. Right to Jury Trial
 
 10
 The Seventh Amendment right to a jury trial does not preclude summary judgment where there is no genuine issue of material fact. See Sengupta, 804 F.2d at 1077-78 n. 3. Because the district court entered summary judgment properly, Milnes's right to a jury trial was not violated. See id.; see also Diamond Door Co. v. Lane-Stanton Lumber Co., 505 F.2d 1199, 1203 (9th Cir.1974).
 
 5. Extension of Time to Conduct Discovery
 
 11
 The district court did not abuse its discretion by failing to grant Milnes a third extension of time to conduct discovery. Milnes failed to show how further discovery would have precluded summary judgment. See Hall v. State of Hawaii, 791 F.2d 759, 761 (9th Cir.1986).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Milnes's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3